IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-532 |
| | § | |
| HECTOR RUIZ, | § | |
|     Defendant/Movant. | § | |

ORDER GRANTING IN PART
AND DENYING IN PART
MOTION FOR TRANSCRIPTS AND DOCUMENTS

Pending before the Court is Defendant Hector Ruiz's motion requesting copies of transcripts and discovery materials from his criminal case in order to assist him in filing a petition for writ of certiorari. (D.E. 78.) The Fifth Circuit affirmed Ruiz's judgment and conviction in a per curiam opinion issued on November 6, 2007. (D.E. 76, 77.) Ruiz has until February 4, 2007 to file his petition with the Supreme Court, and claims that he needs the transcripts and certain discovery materials in order to file it. (D.E. 78.) Ruiz further asserts that he is indigent and thus unable to afford the cost of paying for the transcripts and documents.

Ruiz was entitled to appointed counsel throughout his criminal proceedings and thus the Court finds that he is indigent for the purpose of seeking transcripts at government expense. Additionally, the Court finds his motion well-taken, insofar as it requests transcripts. Accordingly, Ruiz's motion is GRANTED as to his request for transcripts. The Clerk is directed to copy all transcripts on file in this case and forward a copy of each to Ruiz.

Additionally, the Court notes that the sentencing transcript is currently under seal. The Clerk is directed to unseal the sentencing transcript for the purpose of providing a copy for Ruiz, and the transcript shall then be resealed. Because of the sensitive nature of the transcript, the Court further

orders that the transcript shall be treated by the Bureau of Prisons in the same manner, and with the same security procedures and restrictions, as a Presentence Investigation Report ("PSR"). For example, if a PSR is permitted to be viewed by an inmate only under certain circumstances, then Ruiz may view his sealed sentencing transcript only under the same circumstances. To help ensure that these directives are carried out, the Clerk is further directed to send a copy of the transcript ***not to Ruiz***, but only to his Case Manager at his current place of incarceration, along with a copy of this Order. Further, the transcript shall be in an envelope that clearly indicates it is sealed material. Ruiz is to receive ***only*** a copy of this Order with the unsealed transcripts, and not the sentencing transcript. He may access the transcript by contacting his Case Manager.

Finally, to the extent that Ruiz seeks copies of materials or documents other than transcripts, his motion is DENIED. Although Ruiz requests police reports, "wiretapps [sic], phone conversations and or surveillances [sic] having to do with the offense of conviction," (D.E. 78 at 3), none of these discovery-type materials are in the possession of the Court. Thus, it is unable to provide them. Additionally, Ruiz has not explained why he needs these materials or what he seeks to prove through them.

## CONCLUSION

For the foregoing reasons, Ruiz's motion (D.E. 78) is DENIED IN PART and GRANTED IN PART. The Clerk is directed to provide the transcripts in the manner set forth above.

It is so ORDERED this 16th day of January, 2008.

_____
Janis Graham Jack
United States District Judge