**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-532 |
| | § | C.A. No. C-08-180 |
| HECTOR RUIZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**ORDER DENYING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE AND
ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Hector Ruiz's ("Ruiz") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (D.E. 81.)[1]  Also before the Court is the government's response, which moves for the dismissal of Ruiz's motion. (D.E. 88, 89.)  Pursuant to the Court's response order (D.E. 82), Ruiz was required to file his reply, if any, not later than August 18, 2008.  (See D.E. 82 (reply due thirty days after service of the government's response); D.E. 88 at 13 (government served response by mail on July 16, 2008).)  To date, the Clerk has not received a reply from Ruiz.  For the reasons set forth below, Ruiz's § 2255 motion is DENIED.  Additionally, the Court DENIES Ruiz a Certificate of Appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entry references are to the criminal case, Cr. No. C-06-532.

## II.  PROCEDURAL HISTORY

**A.      Summary of Offense[2]**

On June 20, 2006, a 2000 Kenworth tractor trailer driven by Ruiz entered the Falfurrias, Texas, U.S. Border Patrol checkpoint.  During the immigration inspection, the service canine alerted to the trailer.  Ruiz gave consent for the agent to search the trailer, and the canine alerted to the middle portion of the load.  A total of 163 bundles of marijuana wrapped in clear cellophane were discovered.  The marijuana had a total net weight of 1,059.36 kilograms with an estimated value in excess of $1.9 million.  Ruiz stated that he would like to have an attorney present before answering any questions.  An officer with the Drug Enforcement Administration arrived and took custody of the case.  Ruiz stated that he did not want to answer any questions, and that he could not provide any information because if he did, he and his family would be killed.

**B.      Criminal Proceedings**

On July 26, 2006, a single-count indictment was returned, charging Ruiz with possession with intent to distribute approximately 1,097 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 7.)  Ruiz pleaded not guilty and proceeded to trial.  On September 5, 2006, the jury returned a guilty verdict.  (D.E. 33.)

Pursuant to the Court's instructions, the probation department prepared a Presentence Investigation Report ("PSR").  The PSR calculated Ruiz's base offense level to be 32, and no adjustments were made to the offense level, resulting in a total offense level of 32.  (PSR at ¶¶ 10-19.)  When coupled with his criminal history category of II, the resulting guideline range was 135

---

[2]  The offense conduct as set forth herein is derived from Paragraphs 4 and 5 of Ruiz's Presentence Investigation Report ("PSR").

to 168 months.  (PSR at ¶ 41.)  Ruiz, through counsel, objected to the inclusion in the PSR of Ruiz's reported statement regarding motives for not wanting to answer questions asked by the U.S. Border Patrol and objected to the Court using that information in assessing sentence.  Second, counsel objected to Ruiz not receiving a reduction in his offense level for being a minor participant.

Ruiz was sentenced on January 17, 2007.  The Court overruled his objection to his role in the offense, and sentenced Ruiz to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a  $100 special assessment. (D.E. 44, 52.)  Judgment was entered on January 19, 2007.  (D.E. 52.)

Ruiz appealed, and argued on appeal that this Court erred in denying his motion to continue the trial to provide him with additional time to review discovery and prepare for trial.  The Fifth Circuit affirmed in a per curiam opinion issued on November 6, 2007.  Specifically, the appellate court concluded that Ruiz had not established that this Court abused its discretion or that he suffered serious prejudice as a result of the Court's denial of his motion to continue.  (D.E. 77.)   Ruiz was represented throughout his criminal proceedings and on appeal by court-appointed counsel, Chris Iles.

Ruiz's § 2255 motion was received by the Clerk on June 4, 2008.  (D.E. 81.)  It is timely.

### III.  MOVANT'S ALLEGATIONS

Ruiz lists  a single ground for relief in his motion.  Specifically, he claims that his counsel was constitutionally ineffective in "failing to timely obtain the discovery material the government

3

made available to him." (D.E. 81 at 9.)[3] He then lists five ways in which this alleged failure

prejudiced him:

> 1. Ruiz was unable to prepare an adequate defense;
> 2. counsel provided ineffective assistance at sentencing;
> 3. counsel provided ineffective assistance at trial, and on appeal.
> 4. counsel provided ineffective assistance in the pre-trial proceeding when he failed to move for a suppression of illegally obtained evidence; and
> 5. counsel was ineffective when he failed to issue a challenge to the sufficiency of the evidence on direct appeal.

(D.E. 81 at 9.) It is not clear to the Court whether he believes that all of the five items listed above

are intended as prejudicial "effects" of the alleged fact that counsel failed to timely obtain discovery

materials, or, instead, as independent grounds for relief. That is, in his grounds for relief, he

describes the 5 items as describing the prejudice he suffered. In his supporting memorandum,

however, it appears that he is raising each of those items as individual claims. Construing his *pro

se* motion liberally, the Court will construe each item as an independent ground for relief. Even

under that construction, however, Ruiz is not entitled to relief on any of his claims, as discussed

herein.

## IV. DISCUSSION

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set

aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's

jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the

---

[3] Throughout this order, page references to Ruiz's § 2255 motion (D.E. 81) refer to the page assigned by the Clerk to the filing (which includes forty pages and an additional eight pages specified as D.E. 81-2) and do not refer to the numbers used by Ruiz. This is to avoid confusion, since some of the documents filed by Ruiz include roman numerals and repeating numbers as page numbers. A reference to page 9, for example, refers to the ninth page of Ruiz's filing, not the page he has marked as page 9.

statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**B.**     **Procedural Bar**

Where a defendant fails to raise an issue in his criminal proceedings, that issue is procedurally barred from consideration in § 2255 proceedings.  See United States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227 (5th Cir. 2000).  A district court may consider a defaulted claim only if the movant can demonstrate either (1) cause for his default and actual prejudice; or (2) that he is factually innocent of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones, 172 F.3d 381, 384 (5th Cir. 1999).

Ruiz's claim are all ineffective assistance claims.  Such claims are properly made for the first time in a § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus, it will be necessary to address the merits of his ineffective assistance claims, which the Court does herein.

**C.**     **Ineffective Assistance of Counsel**

**1.**     **General Standards**

Ruiz's ineffective assistance claims are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598

(5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  U.S. v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).

If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

### 2.        Failure to timely Obtain the Discovery Materials

Ruiz's first claim of ineffective assistance is that his counsel failed to timely obtain discovery materials.  Ruiz's defense counsel, L. Chris Iles, has submitted an affidavit in which he responds to Ruiz's allegations.  (D.E. 87.)  The government has moved to expand the record to include Iles' affidavit, and the Court GRANTS that motion.  See Rule 7, RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

In his affidavit, Iles avers that it is factually incorrect that he did not request or receive complete discovery prior to trial.  He explains:

> I did indeed obtain all discovery prior to trial and discussed it
> thoroughly with Mr. Ruiz prior to trial.  In my opinion, there were no
> meritorious motions other than the motion to suppress post arrest
> statements, which I did file, have a hearing on, and which the Court
> granted prior to trial. ... Regarding petitioner's claim that he was
> denied an opportunity to adequately prepare for trial, this is incorrect.
> I was completely prepared prior to trial, proceeded to a contested jury

> trial and vigorously contested the government's allegations at every
> step of the way.

(D.E. 87 at 1.)

If believed, Iles' affidavit clearly shows that he was not deficient. In any event, Ruiz's claim also fails because he has not shown any prejudice that resulted from Iles' alleged failure to obtain discovery materials. As noted by Iles, the Court granted a motion to suppress in Ruiz's favor. Notably, Ruiz does not identify any other pre-trial motions that he believes should have been filed, or anything that counsel should have done differently in response to the discovery that would have resulted in a different outcome. His inability to show prejudice means that this claim fails.

### 3.    Counsel's Alleged Failures At Trial

Ruiz makes the general claim that counsel failed to prepare an adequate defense and that counsel was ineffective at trial, but offers few facts in support of that claim. Instead, he makes only general statements that counsel was unable to adequately prepare a defense, and that Ruiz was denied the opportunity to properly defend himself at trial. Ruiz quotes at length from discussions at the docket call held on August 31, 2006, during which the Court questioned defense counsel about why he did not review discovery and file a motion to suppress sooner. (See generally D.E. 67 at 2-10; quoted at D.E. 81 at 18.) The Court also criticized defense counsel for failing to double-space his motions, which resulted in two of them being stricken from the record. (D.E. 67 at 4-5; see also D.E. 14-15, 21.)

After the portion of the conference which Ruiz quotes from, however, the Court noted that it would allow counsel to file a motion to suppress and hear it immediately before jury selection. (D.E. 67 at 10-14.) Counsel filed the suppression motion the same day. (See D.E. 22.) As noted by counsel, the Court in fact held a hearing on the motion to suppress and granted it. (See Minute

7

Entry dated 9/1/2006; see generally D.E. 68, Transcript from Motion to Suppress Hearing.)  Thus, the portion of the conference relied upon so heavily by Ruiz was essentially rendered irrelevant by later events.

Ruiz also claims that counsel was ineffective at trial because he failed to advance an objection to the quantity and type of drugs used to convict and sentence him.  (Compare D.E. 81 at 18, 20 with D.E. 87 at 1.)  To the extent he is arguing that counsel should have objected at trial to the quantity and type of drugs used, any such arguments would have been meritless.  First of all, such a strategy would have been pointless in light of Ruiz's defense strategy, which was to acknowledge that the marijuana was in his trailer (an extremely difficult fact to challenge), but to challenge his knowledge of it being there.  This was a reasonable strategy, in the face of the evidence against him.  Second, the parties' stipulation as to the weight and type of drug was supported by a lab report.  (Cf.  D.E. 70, Trial Transcript at 231  (AUSA in closing argument referencing the lab report as part of the stipulation).  Notably, Ruiz does not now present any evidence or that the amount found by the lab was somehow erroneous or that the substance was not marijuana, nor present any valid challenge that counsel should have made to the quantity or type of drug.  Given that there were no valid grounds for an objection to the quantity or type of drug, there was no ineffective assistance of counsel as a result of his failure to object to the drug quantity or type.

Ruiz also references the fact that the seal on the trailer, which might have been a piece of physical evidence in the case, had been lost, and he appears to be claiming that this fact was not disclosed. (D.E. 81 at 19 (in discussion of the missing seal, referring repeatedly to Brady v. Maryland, 373 U.S. 83 (1963), which generally requires the prosecution to disclose evidence

favorable to the defendant.)  This fact was disclosed, however, because defense counsel cross-examined government witnesses regarding the seal, moved for a mistrial based on the missing seal, and even raised the issue of the missing seal in closing.  (D.E. 87 at 2; <u>see also generally</u> D.E. 70, Trial Transcript ("T. Tr.").)  Any ineffective assistance claim based on the "missing seal" thus does not entitle Ruiz to relief.

### 4.    Counsel's Alleged Ineffective Assistance At Sentencing

Ruiz also argues that his counsel was ineffective at sentencing because counsel failed to object to the "enhancement" of Ruiz's sentence under U.S.S.G. § 2D1.1. (D.E. 81 at 20-21.)  The guideline referenced simply determines a base offense level based on the amount and type of drugs involved in the offense.  Ruiz claims that "a determination of the quantity and the type of drugs were lacking" because the lab report regarding the marijuana had not been disclosed to Ruiz or obtained by his counsel. (D.E. 81 at 20-21.)  As an initial matter, counsel explains that there was evidence at trial that the marijuana was tested and weighed and confirmed to be 1086.7 kilograms of marijuana.  (D.E. 98 at 1-2.)  Also, as noted in the preceding section, there was a lab report introduced into evidence and referenced by AUSA Patterson in his closing argument.  Thus, Ruiz's factual premise for this claim is flawed.

Moreover, in order for Ruiz to show that he suffered prejudice as a result of counsel's ineffectiveness at sentencing, he must show that there is a reasonable probability that, but for counsel's alleged errors, the sentencing would have been different.  <u>See</u> <u>United States v. Phillips</u>, 210 F.3d 345, 350 (5th Cir. 2000).  This requires him to show a reasonable probability that he would have received a lesser sentence.  <u>United States v. Grammas</u>, 376 F.3d 433, 438-39 (5th Cir. 2004).

As discussed herein, there is no evidence to support any contention that, but for his counsel's alleged errors, Ruiz would have received a lesser sentence.

Most importantly, once the jury determined Ruiz was guilty of the offense, there was no basis for counsel to challenge the amount and type of drugs.  Instead, the offense level was based solely on the jury's determination that he was guilty of the charge against him, which required the jury to find that Ruiz had possessed with intent to distribute approximately 1,097 kilograms of marijuana.  The guilty verdict included this finding.  Thus, the Court did not err in utilizing the offense level it did, and that offense level would not have changed even if counsel had challenged it.  Accordingly, Ruiz can show neither deficiency nor prejudice.  See  United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument ... cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

### 5.    Counsel's Alleged Ineffective Assistance On Appeal

Ruiz's motion also asserts that his counsel was constitutionally ineffective on appeal. In his supporting memorandum, Ruiz elaborates on this claim, arguing that counsel was deficient for failing to argue his own ineffectiveness on appeal and for not withdrawing from the case so that Ruiz could seek a "meaningful" appeal with "effective assistance of counsel." (D.E.  81 at 23.)  His final claim, which is that his counsel should have challenged the sufficiency of the evidence on appeal, is also related and addressed in this section. (D.E. 81 at 28-31.)

In response to the claims of ineffective assistance on appeal, Ruiz's counsel states:

> The duty of an attorney on appeal is to thoroughly review the record, identify any meritorious issues, research the law and file an argument brief on any meritorious issues.  A thorough review of the entire record revealed that one non-frivolous issued [sic] existed for which

I submitted an argument brief.  The 5th Circuit affirmed defendant's conviction and sentence on November 6, 2008 in an opinion.

(D.E. 87, Iles Affidavit at 2.)

As alluded to by counsel, appellate counsel "is not deficient for not raising every non-frivolous issue on appeal."  United States v. Phillips, 210 F.3d 345, 348 (5th Cir. 2000) (citing United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)).  Rather, only "solid, meritorious arguments based on directly controlling precedent are required to be discovered and brought to the court's attention."  Phillips, 210 F.3d at 348.  Additionally, "[w]hen a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal.'"  United States v. Reinhart, 357 F.3d 521, 530 (5th Cir. 2004) (quoting Phillips, 210 F.3d at 350).

Having reviewed the entirety of the record, the Court concludes that Ruiz has not established deficiency or prejudice on this claim.   In this case, counsel avers that he thoroughly reviewed the trial record for any appealable issues and he in fact filed a merits brief.  Although the Fifth Circuit ruled against Ruiz on the issue raised in that brief, counsel did in fact file a merits brief.  Moreover, there was ample evidence supporting the jury's verdict, such that a challenge to the sufficiency of the evidence was highly unlikely to succeed.  In particular, defendant was in possession of marijuana with an estimated value of almost $2 million, witnesses testified that there was a strong odor of marijuana when standing at the back of the trailer, and Ruiz was present when the legitimate loads of produce were loaded.  Additionally, evidence at trial showed that there was ample time between the loading of the final load of produce and the time Ruiz drove through the checkpoint to make an additional stop and have marijuana loaded.  A failure to raise a meritless claim does not constitute

11

ineffective assistance.  See Kimler, 167 F.3d at 893.  Ruiz has not shown that he was denied effective assistance of counsel on appeal.

### 6.  Counsel's Alleged Failure to Move for Suppression of Illegally Obtained Evidence

Repeatedly throughout his motion, Ruiz also claims that his counsel was ineffective for failing to file a motion to suppress.  (D.E. 81 at 2, 5, 9, 22-24, 25-28.)  This claim finds no support in the record.  Instead, that record shows that Ruiz's counsel filed a motion to suppress, which the Court heard and granted prior to trial.  The challenged statements were therefore not admitted.  Ruiz has shown neither deficiency or prejudice on this issue and this claim fails.

For the foregoing reasons, all of Ruiz's claims fail and his § 2255 motion is therefore DENIED in its entirety.

### D.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Ruiz has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El

v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on

their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484

(2000).  This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate

whether the motion should have been resolved differently, or that the issues presented deserved

encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)

(relying upon Slack, 529 U.S. at 483-84).

      The Court concludes that reasonable jurists could not debate the denial of Ruiz's § 2255

motion on substantive grounds nor find that the issues presented are adequate to deserve

encouragement to proceed.  537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, Ruiz is

not entitled to a COA as to his claims.

**E.**    **Ruiz's Motion for Transcripts and for Evidentiary Hearing**

      Finally, Ruiz claims that he is entitled to copies of the transcripts in this case and should be

permitted to amend his 2255 motion after receiving the underlying record in its entirety.  (D.E. 81

at 31-32; D.E. 81-2 at 4-7.)  He also asks that the Court hold an evidentiary hearing and appoint him

counsel in this case.  (D.E. 81 at 35.)  The Court in fact granted the motion for transcripts filed by

Ruiz in December 2007, so it is not clear why he has attached a copy of the same motion to his

§ 2255 motion.  (D.E. 81 at 4-7; see also D.E. 78, 79 (motion and order granting copies of

transcripts).)  Indeed, Ruiz's motion quotes at length from one of those transcripts, thereby showing

that he in fact received them or had access to them.  Ruiz does not explain why he needs those

documents again.  Similarly, because the Court has concluded that Ruiz's motion can be denied on

the basis of the expanded record before it, there is no need for an evidentiary hearing in this case.

13

<u>See</u> Rule 8(a), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.   Thus, those requests are DENIED.

## V.  CONCLUSION

For the aforementioned reasons, the government's motion to expend the record to include Iles' affidavit is GRANTED.  Ruiz's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 81) is DENIED and Ruiz is DENIED a Certificate of Appealability.  Finally, Ruiz's requests for transcripts and for an evidentiary hearing, included in his § 2255 motion, are DENIED.

It is so ORDERED this 14th day of October, 2008.

Janis Graham Jack
United States District Judge